UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SENECA INSURANCE COMPANY, INC.,

                      Plaintiff,        Docket No.:

     -- against --               **COMPLAINT**

ILLINOIS NATIONAL INSURANCE COMPANY,   Jury Trial Demanded

                     Defendant.
-----------------------------------------------------------------x

Plaintiff, Seneca Insurance Company, Inc. ("Seneca"), by its attorneys, Saretsky Katz Dranoff & Glass, L.L.P., for its complaint against defendant Illinois National Insurance Company ("Illinois National") alleges:

### The Nature of the Action

1.     Kissm Realty Corp. ("Kissm") was insured for its liability for damages sustained by the plaintiff in a now-settled personal injury lawsuit (the "Maldonado lawsuit") under policies of insurance issued by Fireman's Fund Insurance Company ("Fireman's Fund"), Illinois National, and Seneca, respectively. As respects the claims asserted against Kissm in the Maldonado lawsuit, Fireman's Fund owed Kissm primary insurance coverage, Illinois National owed Kissm first excess insurance coverage immediately in excess of the Fireman's Fund-provided primary insurance, and Seneca owed Kissm second excess insurance coverage immediately in excess of the Illinois National-provided first excess insurance coverage.

2. Seneca defended Kissm in the <u>Maldonado</u> lawsuit, which was settled for the sum of $1.35 million (the "<u>Maldonado</u> settlement"). The <u>Maldonado</u> settlement was paid by Fireman's Fund and Seneca.

3. By this action, Seneca seeks a judgment awarding it indemnity from Illinois National for the part of the <u>Maldonado</u> settlement that was paid by Seneca, but that Illinois National is obligated to pay under its policy as hereinafter described.

### The Parties

4. At all times herein relevant, Seneca was, and still is, a domestic corporation incorporated under the laws of, and authorized to do business in, the State of New York, with its principal place of business in the City, County and State of New York.

5. Upon information and belief, at all times herein relevant, Illinois National was, and still is, an insurance company incorporated under the laws of the State of Illinois and authorized to do business in the State of New York, with its principal place of business in the State of Illinois.

### Jurisdiction and Venue

6. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the controversy is between citizens of different States.

7.     Venue is proper in this district pursuant to 28 U.S.C. §1391(a)(2) and/or 28 U.S.C. §1391(a)(3) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and Illinois National is subject to personal jurisdiction in this judicial district at the time this action is commenced.

### The Facts

8.     In the <u>Maldonado</u> lawsuit, which was litigated in the Supreme Court of the State of New York, County of Kings under Index No. 44103/98, William Maldonado sought damages for bodily injuries that he sustained in a June 11, 1998 accident (the "Accident") that occurred while he was performing work at a building in Brooklyn, New York (the "Property").

9.     On the date of the Accident, Kissm owned the Property and leased a portion of it to Health Insurance Plan of Greater New York ("HIP").

10.    For the period from April 1, 1998 to April 1, 1999, which period includes the date of the Accident, HIP is the named insured under Fireman's Fund liability insurance policy No. DXC80364367 (the "Fireman's Fund Policy").

11.    Kissm is an additional insured under the Fireman's Fund Policy.

12.    For the period from April 1, 1998 to April 1, 1999, which period includes the date of the Accident, HIP is also a named insured under Illinois National liability insurance policy No. BE3574014 (the "Illinois National Policy").

13.    Kissm is an additional insured under the Illinois National Policy.

14. As an additional insured under the Illinois National Policy, Kissm is entitled to insurance coverage from Illinois National for its liability for the claims asserted against it in the Maldonado lawsuit.

15. For the period from March 1, 1998 to March 1, 1999, which period includes the date of the Accident, Kissm is the named insured under Seneca insurance policy No. BOP5005138 (the "Seneca Policy").

16. Under the Seneca Policy, Seneca defended Kissm in the Maldonado lawsuit and, on behalf of Kissm, paid the $1 million limit of liability under the Seneca Policy toward the $1.35 million Maldonado settlement.

17. Fireman's Fund, which owed Kissm primary insurance coverage, paid the remaining $350,000 toward the $1.35 million Maldonado settlement.

18. Thereafter, following litigation concerning the respective obligations of Fireman's Fund and Seneca, Fireman's Fund indemnified Seneca for $650,000 of Seneca's $1 million payment in respect of the Maldonado settlement, thereby bringing Fireman's Fund's total payment in respect of such settlement to the $1 million limit of liability under the Fireman's Fund Policy, and bringing Seneca's total payment in respect of such settlement to $350,000 ("Seneca's Maldonado loss").

19. Each of the Illinois National Policy and the Seneca Policy contains an "Other Insurance" provision that sets forth the manner in which the insurance provided by that policy is to be applied to pay a loss that is also covered by other insurance.

20. The "Other Insurance" provision of the Illinois National Policy states:

> If other valid and collectible insurance applies to a loss that is also covered by this policy, this policy will apply excess of the other

insurance. However, this provision will not apply if the other insurance is specifically written to be excess of this policy.

21. The "Other Insurance" provision of the Seneca Policy states, in relevant part:

> This insurance shall apply only as excess insurance over any other valid and collectible insurance which would apply in the absence of this policy, except insurance written specifically to cover as excess over the limits of liability applicable to Section II of this policy.

### Cause of Action for Indemnity

22. Seneca repeats and realleges the allegations contained in paragraphs 1 through 21, inclusive, as if the same were fully set forth herein at length.

23. By reason of the "Other Insurance" provisions of the Illinois National Policy and the Seneca Policy, respectively, the insurance coverage that Illinois National provides to Kissm as respects the Maldonado lawsuit is first excess coverage, immediately excess to the primary coverage provided by Fireman's Fund, and the insurance coverage provided by Seneca is second excess -- that is, excess to that provided by Illinois National.

24. Accordingly, Illinois National is obligated to indemnify Seneca for Seneca's Maldonado loss.

**Wherefore,** Seneca demands judgment

(a) awarding Seneca indemnification from Illinois National in the principal amount of $350,000, the amount of Seneca's Maldonado loss; and

5

(b)   for such other, further and different relief as the Court deems just and proper, including interest, costs, disbursements and attorneys' fees.

## Demand for Jury Trial

Plaintiff demands trial by jury.

Dated:   New York, New York
December 11, 2007

Saretsky Katz Dranoff & Glass, L.L.P.
Attorneys for Plaintiff Seneca Insurance Company, Inc.

By: *[signature]*
Barry G. Saretsky (BGS 6932)

475 Park Avenue South
New York, New York 10016
(212) 973-9797