UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SENECA INSURANCE COMPANY, INC.,

                            Plaintiff,         Docket No.: 1:07-cv-11272-RMB

-against-

                                           ECF Case

ILLINOIS NATIONAL INSURANCE CO.,

                            Defendant.
-------------------------------------------------------------x

### ILLINOIS NATIONAL'S ANSWER TO THE COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND

Illinois National Insurance Company ("Illinois National") as and for its answer to the complaint:

1. Denies the allegations contained in paragraph "1" of the complaint.

2. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the complaint.

3. Denies that plaintiff is entitled to any recovery from Illinois National, denies knowledge and information to form a belief as to the truth of what plaintiff "seeks" and/or the remaining allegations of paragraph "3" of the complaint.

4. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the complaint.

5. Admits the allegations contained in paragraph "5" of the complaint.

6. Paragraph "6" of the complaint sets forth conclusions of law to which no response is required; to the extent a response is required, Illinois National denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "6" of the complaint.

**7.** Paragraph "7" of the complaint sets forth conclusions of law to which no response is required; to the extent a response is required, Illinois National denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "7" of the complaint.

**8.** Refers to the Court to the pleadings filed in the referenced action for particulars thereof and otherwise denies knowledge and information sufficient to form a belief as to the allegations of paragraph "8" of the complaint.

**9.** Denies knowledge and information sufficient to form a belief as to the allegations of paragraph "9" of the complaint.

**10.** Refers the Court to the "Fireman's Fund Policy" for particulars thereof and otherwise denies knowledge and information sufficient to form a belief as to the allegations of paragraph "10" of the complaint.

**11.** Refers the Court to the "Fireman's Fund Policy" for particulars thereof and otherwise denies knowledge and information sufficient to form a belief as to the allegations of paragraph "11" of the complaint.

**12.** Admits that Illinois National issued a Commercial Umbrella Policy No. BE 357 40 14 (the "Illinois National Policy"), refers the Court to the Illinois National Policy for the particulars thereof and otherwise denies in the form alleged the allegations contained in paragraph "12" of the complaint.

**13.** Denies the allegations contained in paragraph "13" of the complaint.

**14.** Denies the allegations contained in paragraph "14" of the complaint.

**15.** Refers the Court to the policy issued Seneca Insurance Company, Policy Number BOP5005138, described in the complaint as the "Seneca Policy", for the

particulars thereof and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the complaint.

**16.** Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the complaint.

**17.** Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the complaint.

**18.** Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the complaint.

**19.** Refers the Court to the Illinois National Policy for the particulars thereof and otherwise denies in the form alleged the allegations contained in paragraph "19" of the complaint.

**20.** Refers the Court to the Illinois National Policy for the particulars thereof and otherwise denies in the form alleged the allegations contained in paragraph "20" of the complaint.

**21.** Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the complaint.

**22.** In response to the allegations set forth in paragraph "22" repeats and realleges Illinois National's response to each and every allegation as set forth in paragraphs "1" through "21" of the complaint as if more fully set forth herein.

**23.** Denies the allegations contained in paragraph "23" of the complaint.

**24.** Denies the allegations contained in paragraph "24" of the complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted against Illinois National.

### AS AND FOR A SECOND DEFENSE

No coverage is available under the Illinois National Policy to an person or entity other than an "Insured," as that term is defined therein.

### AS AND FOR A THIRD DEFENSE

Illinois National's obligations under the Illinois National Policy are limited to payment of otherwise covered sums an Insured becomes legally obligated to pay by reason of liability imposed by law or assumed by an Insured under an Insured Contract in excess of the "Retained Limit." The Illinois National Policy defines Retained Limit as the greater of either "1. The total of the applicable limits of the underlying policies listed in the Schedule of Underlying Insurance and the applicable limits of any other underlying insurance providing coverage to the Insured; or 2. The amount stated in the Declarations as Self Insured Retention as a result of any one Occurrence not covered by the underlying policies listed in the Schedule of Underlying Insurance nor by any other underlying insurance providing coverage to the Insured."

To the extent Kissm Realty Corporation qualifies as an Insured under the Illinois National Policy, the sums paid to resolve the *Maldonado* lawsuit, as that term is used in the complaint, were not in excess of the Retained Limit.

### AS AND FOR A FOURTH DEFENSE

The Illinois National Policy is specifically excess to all other valid and collectible insurance applicable to any loss also covered by the Illinois National Policy, as per Condition J thereof.

### AS AND FOR A FIFTH DEFENSE

Any coverage otherwise available under the Illinois National Policy will not apply Coverage under this policy will not apply unless and until an Insured or its underlying insurer is obligated to pay the Retained Limit, as per Condition P thereof.

### AS AND FOR A SIXTH DEFENSE

The Illinois National Policy is not obligated to "drop down" and/or assume the obligations of a primary insurer of an Insured, or another underlying insurer, or obligations which are otherwise within the Retained Limit.

### AS AND FOR A SEVENTH DEFENSE

Plaintiff's claims may be barred or limited to the extent the settlement of the *Maldonado* lawsuit, as detailed in the complaint, was not reasonable.

### AS AND FOR A EIGHTH DEFENSE

Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations, by estoppel, and/or through laches.

### AS AND FOR AN NINTH DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrine of unclean hands.

### AS AND FOR A TENTH DEFENSE

The complaint fails to set forth a justciable case or controversy.

## AS AND FOR AN ELEVENTH DEFENSE

Plaintiff's claims may be barred may be barred in whole or in part by the terms, conditions, exclusions and limitations of the Illinois National Policy.

## AS AND FOR A TWELFTH DEFENSE

Illinois National may have additional defenses that cannot be articulated due to the generality of the complaint, plaintiff's failure to meet its obligation to provide information about the underlying actions or claims, the absence of insuring documents, or any other documents at the stage of this litigation. Accordingly, Illinois National reserves its right to supplement the foregoing and to assert additional defenses as may appear after plaintiff particularizes its claims, and after discovery of information concerning the matters set forth in the complaint.

WHEREFORE, Illinois National seeks judgment dismissing the complaint with prejudice, along with any such other and further relief as this Court deems just and proper.

## JURY DEMAND

Illinois National demands a trial by jury as to any issues so triable.

*New York, New York*
*February 15, 2008*

Erika C. Aljens (EA 9781)
Law Offices of Green & Lavelle
110 William Street, 18th Floor
New York, New York 10038
Tel:   212-266-5880
*Attorneys for Defendant*
*Illinois National Insurance Co.*